MARTIN GUEST, EX'R, v. ISAAC GUEST ET AL.

1. EXECUTOR.—An independent executor under the act of 1870, (Paschal's Dig., arts. 5626–28,) against whom judgment was obtained in a suit brought to enjoin him from further acting under the will, and to appoint a receiver, is not relieved by the statute (Paschal's Dig., art. 1503) from the necessity of executing an appeal bond, as other parties.

2. SAME.—In such a suit, the executor is a party defendant, acting in defense of himself, to protect his right to retain his position as an independent executor of the will, and not as an ordinary executor administering the will under the direction of the Probate Court, in a suit to determine the rights of the estate in property claimed by him for it.

3. APPROVED.—Battle *v.* Howard, 13 Tex., 348, approved.

APPEAL from Red River. Tried below before the Hon. Joseph Bledsoe.

The opinion states the case.

*James H. Clark,* for appellant, filed a written argument, based on the assignment of errors, which, in view of the action of the court dismissing the appeal, is omitted. No briefs for appellee on file.

ROBERTS, CHIEF JUSTICE.—This is a suit by the heirs and legatees to remove an independent executor, to enjoin him from further action under the will, and to appoint a receiver to take charge of the estate of the testator. The suit was brought in 1872, while the act of 1870, relating to the administration of estates, was in force, under which creditors, but not heirs or legatees, were authorized to require a bond of such an executor who was in control of the estate without giving a bond, from which he was relieved by the terms of the will. (Paschal's Dig., arts. 5626–28.)

Under that statute, he held the estate "like any other property, to be administered under a power, chargeable in the hands of a trustee, and liable to execution in any court having jurisdiction." (Art. 5628.)

This suit was brought in the nature of a bill in equity, to remove him from his position as trustee, on account of his alleged abuse of it, to the prejudice of the plaintiffs.

The judgment of the court was rendered against him; he gave notice of appeal, and the transcript of the record contains no appeal bond.

He is a party defendant to this suit, acting in his own defense, to protect his right to retain his position as independent executor of the will, and not as an ordinary executor administering the will under the direction of the Probate Court, in a suit to determine the rights of the estate in property claimed by him for it.

If he incurs costs in protecting his right to the position, he is individually responsible for them; and if he is defeated, they constitute no charge upon the estate in his hands; and if he delays the execution of the judgment which has been rendered against him, it is but reasonable that he should give a bond for an appeal, which suspends the operation of such judgment against him; otherwise he may, by a word uttered in court, giving notice of appeal, arrest the exercise of the equity powers of the court, that have been called into requisition to protect a trust estate from waste.

In such a suit as this, he more nearly occupies the position of an officer protecting his right to exercise the duties and powers of an office, than that of an ordinary executor protecting the rights of property in the estate under his control. The statute exempting executors from giving a bond for an appeal, does not, therefore, apply to him. This is deducible from the terms of the statute, which evidently do not, and were not intended to, apply to such a case as this. It says: "And no security shall be exacted of executors or administrators of deceased persons' estate, in appeals suing for money or property, or in defending suits brought against such estates for money or property." (Paschal's Dig., art. 1503.)

This is not a suit brought against the estate for money or property, but against him, to eject him from the administra-

tion of it; to preserve the money and property of the estate, by preventing him from wasting and misappropriating it, in abuse of the trust reposed in him by the will of the testator, for the benefit of the plaintiffs and the creditors of the estate.

It was said by this court: "When an executor or administrator appeals, in his own behalf, from a judgment affecting him personally, he undoubtedly must give bond, in like manner as any other person appealing from a judgment by which he considers himself personally aggrieved." (Battle *v*. Howard, 13 Tex., 348.)

The appeal must therefore be dismissed, for want of an appeal bond.

DISMISSED.