## G. C. BILLS *v.* D. H. SCOTT AND L. C. BRYSON.

1. APPEAL IN PROBATE COURT, EFFECT OF.—Under the Probate law of 1870, as amended May 27, 1873, an order requiring an administrator to give a new bond, affects his right to administer; and an appeal taken from such order by the administrator, without bond, would not suspend the order so appealed from.

2. SAME.—Under the Probate act of 1870, an administrator having a private interest in resisting an order of the Probate Court requiring property to be added to his inventory, cannot protect such interest by appeal from such order, in his official character, without bond.

3. INJUNCTION.—An administrator failing to perfect a suspensive appeal, cannot, by injunction, prevent the enforcement of an order requiring him to give a new bond; nor of an order removing him from the administration for the want of such new bond.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

The facts are sufficiently given in the opinion.

*Wright & McDonald,* for appellant, cited and discussed Probate Act of 1870, secs. 21, 420, 421; Probate Act of 1876, sec. 131; Const. of 1876, art. 5, sec. 8; Swenson *v.* Walker, 3 Tex., 96; Long *v.* Wortham, 4 Tex., 381; Dobbin *v.* Bryan, 5 Tex., 276; Newson *v.* Chrisman, 9 Tex., 113; Blair *v.* Gay, 33 Tex., 165.

*Hale & Scott,* for appellees.

GOULD, ASSOCIATE JUSTICE.—Appellant, the administrator of the estate of J. H. Bills, deceased, filed his petition in the District Court, claiming that as such administrator he had perfected an appeal to said court from an order of the County Court, made June 24, 1876, holding certain property (not originally inventoried as such, but claimed and held by the wife of deceased up to her death, in June, 1876, as exempt) to be assets of the estate, and requiring of him a new bond, with additional security; and also from a further order of said court, made August 5, 1876, removing appellant from the administration for his failure to give bond as required, appointing in his stead D. H. Scott, and directing the assets of the estate to be turned over to said Scott; charging that, notwithstanding he had perfected his appeal, the county judge (Bryson) and the new appointee were proceeding to enforce the orders appealed from; praying for and obtaining an injunction restraining them therefrom, and praying also that said orders be vacated. It will be observed that these orders were made after the present Constitution went into operation, but before the Probate law of 1876 had taken effect.

The appellant claimed that under the Probate law of 1870 he, as administrator, had perfected a suspensive appeal from the orders of the County Court by merely giving notice of appeal, and without giving bond. That law gave an appeal to the Supreme Court to any party who considered himself aggrieved, as a matter of right, without bond; but such appeal did not ordinarily suspend the order without an appeal

bond.    Section 425 reads as follows: "An appeal suspends the decision, order, or judgment, without bond, (1) when, &c., * * *; (2) when taken by the executor, administrator, guardian, or trustee, except when the controversy is respecting the right to administer, or the settlement of an account." (Paschal's Dig., art. 5788.)

By an amendment of this law in 1873, (Gen. Laws, pp. 111, 116,) the effect of an order requiring of the administrator a new bond and service of citation to comply therewith, is to suspend the powers of the administrator, "except for the preservation of the property," until he shall have complied; and a failure to comply is made a ground for the removal of the administrator, either in term time or vacation, without notice.    Our opinion is, that the order requiring the administrator to give a new bond affected his "right to administer," and that he could not perfect a suspensive appeal from said order without an appeal bond.    Very evidently, the act of 1873 did not intend to allow an administrator who was required to give a new bond, to suspend such an order by merely giving notice of appeal.

It is also evident that the administrator is interested in the homestead and other exempt property, as one of the heirs of his mother, and that his interest in contesting the order to treat said property as assets of his father, was rather in his capacity as such heir than in his capacity as administrator. It was not the design of the law to enable the administrator to protect his individual interest by appeal, without bond.

It may be that the court erred in holding that the homestead and other exempt property became assets of the estate on the death of the surviving wife.    If the administrator desired to contest that order and suspend its enforcement, he should have prosecuted his legal remedy by appeal, with bond; otherwise he should have respected the order of the court.    Not having pursued that course, he could not resort to the extraordinary remedy of injunction.    Indeed, appellant in argument only seeks to maintain the injunction on

the ground that the administrator had perfected a suspensive appeal. As the averments of the petition failed to show a suspensive appeal, the court did not err in dissolving the injunction and dismissing the petition.

The judgment is affirmed.

AFFIRMED.