W. S. HOLMAN v. RUDOLPH KLATT.

Decided February 12, 1904.

**Administrator—Appeal—Bond.**

In a contest between heirs and an administrator, no rights of creditors being involved, where the administration was dismissed and all orders therein annulled on the ground that the court granting the letters was wholly without jurisdiction, an appeal from such order by the administrator was a proceeding which personally concerned him and upon which he was required to give bond (Rev. Stats., arts. 2257, 1408); and the appellate court will not review the correctness of the order of dismissal, on his appeal from an order refusing mandamus requiring the clerk to make out the transcript without bond.

Appeal from the District Court of Fayette. Tried below before Hon. L. W. Moore.

*John T. Duncan* and *W. S. Holman,* for appellant.

*J. F. Wolters, Geo. E. Leonert, B. R. Abernethy* and *Harwood & Walsh,* for appellee.

GILL, ASSOCIATE JUSTICE.—W. S. Holman, the appellant, applied for and procured the appointment as administrator of the estate of Duncan Dew, deceased. The proceedings were had in the County Court of Fayette County, Texas, and under the order thus procured he qualified and acted as such administrator for about three years, managing the property under the direction of the probate court.

In August, 1902, T. F. Harwood and B. R. Abernethy as the duly constituted trustees of the devisees of the estate appeared and demanded a final accounting. The account filed by the administrator in response to this demand was contested by the trustees, and thereafter they made a motion to annul all orders taken in the estate and to dismiss the entire proceedings on the ground that the court granting the letters was wholly wanting in jurisdiction. Upon hearing this motion the probate court sustained the point and dismissed the proceeding. To this order appellant excepted and gave notice of appeal to the District Court of Fayette County.

Within the time prescribed by law appellant made demand upon the county clerk for a transcript for use on appeal. This demand was refused by the clerk on the ground that no appeal bond was tendered by appellant. The latter contended that he was appealing in his capacity as administrator and was not required by law to give bond, but the clerk persisted in his refusal, whereupon appellant brought this action in the District Court of Fayette County to compel the clerk by mandamus to accede to his demand.

Upon a hearing by the court without a jury it was found both that the administration proceedings were void for want of jurisdiction and that the contest was purely personal on the part of the administrator. The

prayer for mandamus was thereupon denied and the applicant has appealed.

For us to review the finding of the trial court upon the first point would be to decide the only question made in the proceedings sought to be brought up from the probate court, and this we are not inclined to do in a cause which directly involves no more than the question as to the duty of the clerk in the premises. For this reason we do not set out more fully the nature of the original case.

Upon the second point we are of opinion the trial court was right, and will briefly state what we believe to be the law upon the controlling question.

Article 2257 of the Revised Statutes provides as follows: "When an appeal is taken by an executor or administrator no bond shall be required unless the appeal personally concern him."

Article 1408 provides: "Executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity."

It will be noticed that in each of these articles the executor or administrator is exempt only when he is acting officially.

In the case at bar the beneficiaries of the estate sought to annul the entire proceedings in administration. It is made to appear by the record that there were no creditors of the estate and had never been. Hence, the interest of the appellant was opposed to the owners of the property in his hands. The judgment of dismissal necessarily freed the estate of all claims of the administrator for compensation for his services and perhaps left him responsible for all the costs incurred in that court in connection with the estate. The only person adversely affected by the decree was appellant.

We think it clear that his interest in the appeal was personal, and therefore the clerk rightfully refused to make up the transcript without a bond. Hicks v. Oliver, 26 S. W. Rep., 641; Smithwick v. Kelly, 79 Texas, 574; Bills v. Scott, 49 Texas, 432.

The judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.