## BROWN v. BROWN.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 14, 1911. Rehearing Denied Dec. 2, 1911.)

1. APPEAL AND ERROR (§ 724*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

Under Rev. St. 1895, art. 1018, requiring an appellant to make assignments of error, and Rules 25 and 26 for the Court of Civil Appeals (67 S. W. xv), requiring assignments to point out the exact portion of the record wherein the error occurred, an assignment of error complaining that the court erred in overruling the application of the relator to remove a guardian is too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 724.*]

2. GUARDIAN AND WARD (§ 25*)—REMOVAL—DISCRETION OF COURT.

In view of Rev. St. 1895, arts. 2683, 2689, respectively, providing that a guardian shall render an annual account to the court, and that, in cases of failure to so report, he may be cited to appear and show cause why the account has not been filed, the failure of the guardian to file a report of a sale of personal property, as required by articles 2672 and 2673, is not a mandatory ground for removal, under the provisions of article 2696, declaring that a guardian who neglects to file an inventory or to give a new bond when required, or who leaves the state, shall be removed, but the court has discretionary power of removing such guardian.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 25.*]

3. GUARDIAN AND WARD (§ 25*)—REMOVAL—DISCRETION OF TRIAL COURT—ABUSE.

Where a grandfather, who was guardian of the estate of his minor grandson, failed to file a report of a sale of personal property within the time required by Rev. St. 1895, art. 2672, and it was shown that he delayed the report because awaiting a final disposition of proceedings proper for inclusion therein, and that he had never misappropriated any of his ward's funds or been willfully neglectful of his interests, it was not an abuse of the trial court's discretion to refuse to remove him.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 25.*]

Appeal from District Court, Midland County; S. J. Isaacks, Judge.

Application by Mamie Brown for the removal of Z. T. Brown as guardian of the estate of Joe Brown, Jr. From a judgment of the county court denying removal, applicant appealed to the district court, and, from the judgment of that court denying removal, she appeals. Affirmed.

Jno. B. Howard and L. W. Sandusky, for appellant. A. S. Hawkins, for appellee.

CONNER, C. J. This case originated in the county court of Midland county by the filing of an application of the appellant, Mamie Brown, for the removal of appellee, Z. T. Brown, as the guardian of the estate of Joe Brown, Jr., minor son of the applicant. The grounds upon which the application was made were that the said guardian had failed to make report of a sale of certain personal property belonging to the minor, as required by article 2673 of the Revised Statutes, and had been guilty of gross mismanagement of his duties as guardian in failing to employ counsel to represent his ward in a certain suit filed in the district court of Midland county for the recovery of lands in which the ward had a one-half interest, and further because said guardian had failed and refused to file an annual ac-

count of the guardianship in the county court. The guardian answered to the effect that no motion had been filed to require him to make the reports mentioned in the application, and that in the suit for land referred to he had consulted counsel and had been advised that the minor had no interest in the land involved, and that the ward in fact was without equitable right therein. The guardian at the same time filed in the county court a report of the sale of the personal property and also an annual report of the condition of the estate of the minor. The application for removal was heard and denied in the county court, whereupon the applicant appealed to the district court, in which she again suffered an adverse ruling, from which she has appealed to this court.

[1] Appellant presents but a single assignment of error, which is as follows: "The court erred in overruling the application of the relator to remove the guardian as shown by the final judgment herein rendered in this cause in the district court on the 20th day of September, 1910."

The assignment, as appellee suggests, is too general to require consideration. Revised Statutes, art. 1018; Stephenville Oil Mill v. McNeill, 122 S. W. 911; Hess v. Webb (Sup.) 123 S. W. 111; Rules 25 and 26 (67 S. W. xv). Regardless, however, of the insufficiency of the assignment, an examination of the record discloses no reversible error.

[2, 3] The failure of the guardian to make report of the sale of the personal property and to file his annual account do not constitute mandatory grounds for removal, as provided by another article of the statute, viz., article 2696, so declaring where a guardian neglects to file an inventory and list of claims or to give new bond when required to do so, or when he may have removed from the state. On the contrary, while article 2672 of the Revised Statutes requires that all sales of the property of a ward shall be reported to the court in which the guardianship is pending by the guardian within 30 days after the sale is made, and article 2683 requires the guardian to render an annual account to the court, the statutes provide that in cases of failure to so report the guardian shall be cited to appear and show cause why the account has not been filed. See article 2689 and other provisions on the subject. It must be implied, therefore, that the court is vested with the discretion of determining the sufficiency of the reasons given for the failure, and in the case before us no abuse of discretion has been made to appear. There is evidence tending to show that the reason for the guardian's failure to file the annual account was that he was awaiting a final disposition of certain proceedings proper for inclusion in his report; that the sale of the personal property was pursuant to a contract in which appellant

joined and in which the county judge participated; and hence that all parties in interest had been fully informed. There was further evidence to the effect that in the land suit referred to the trial court had appointed a guardian ad litem for the minor, and that in the litigation the minor's rights were fully established, and hence that no injury resulted from appellee's failure to employ special counsel. There was further evidence to the effect that appellee, who was the grandfather of the minor, had been appointed guardian upon the application of appellant, that he was deeply attached to the ward, and he denied, and the evidence fails to show, any misappropriation of the ward's funds or any willful neglect of his interests.

Under such circumstances, we feel no disposition to disturb the discretion and judgment of the court below.

The judgment is, accordingly, affirmed.