## LYNCH et al. v. BERNHARDT et al.
### (No. 8781.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 26, 1918.)

1. CONTINUANCE  🔑37, 46(10)—PROPER DENIAL.

Where defendants' application for continuance was not in writing, the failure to put it in writing and to verify it was not waived by plaintiffs, and it was not shown that the testimony of either of defendants, whose absence was the basis of the application, was necessary for a proper presentation of the defense, the

trial court was within its judicial discretion in overruling the motion.

2. APPEAL AND ERROR ☞736—ASSIGNMENT OF ERROR—COMPLAINT OF SEPARATE RULINGS—MULTIFARIOUSNESS.

An assignment of error wherein complaint is made of two separate and independent rulings of the court is bad for multifariousness.

3. APPEAL AND ERROR ☞374(2)—GUARDIAN AND WARD—DUTY TO GIVE BOND ON APPEAL—PERSONAL INTEREST—STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2106, relieving executors, administrators, and guardians from the duty of giving bonds on appeal or writ of error when taken by them in their fiduciary capacity, does not apply where the guardian or administrator is personally aggrieved by the judgment, and desires to appeal in his own right, in which case he must give bond within the time required by law to perfect his appeal.

4. GUARDIAN AND WARD ☞182(1)—SURETIES ON BOND OF GUARDIAN — LIABILITY TO WARD.

A guardian's bond having been given in the sum of $3,000 in favor of six beneficiaries, and the guardian having made full and satisfactory settlement with two of the wards, the bond inured to the benefit of the four remaining wards, one of whom was properly allowed to recover less than one-fourth of the amount of the bond against the bondsmen.

5. APPEAL AND ERROR ☞373(1)—PERFECTION OF APPEAL—FILING OF BOND—STATUTES.

Appeal from a judgment in the lower court, where the law requires a bond to be given, is not perfected until the bond is filed, under Vernon's Sayles' Ann. Civ. St. 1916, art. 2099, providing when appeal or writ of error is perfected, and article 2101 as to supersedeas bond.

6. APPEAL AND ERROR ☞373(1)—NECESSITY FOR APPEAL BOND — ACTION AGAINST GUARDIAN'S BONDSMEN.

In an action against the sureties on a guardian's bond, an appeal bond was necessary to perfect appeal by the sureties.

Appeal from Bosque County Court; W. A. York, Judge.

Action by Annis F. Bernhardt and husband against Mary A. Lynch and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Geo. P. Robertson, of Meridian, for appellants. Word & Word, of Meridian, for appellees.

BUCK, J. [1, 2] We do not think any error is shown in the action of the court in overruling the application of defendants below for a continuance. Said application was not in writing, nor was the failure to put their application in writing and to verify the same waived by plaintiffs. Further, it was not shown that the testimony of either of the defendants whose absence was the basis of the motion for continuance, was necessary for a proper presentation of the defendant's defense. We think the trial court was well within his judicial discretion in overruling said motion. Moreover, we are of the opinion that appellant's first assignment is bad for multifariousness, in that under it complaint is made of two separate and independent rulings of the court. See articles

1917 and 1918, Vernon's Sayles' Tex. Civ. Stats.; Gipson et al. v. Williams et al., 27 S. W. 824. Hence we overrule appellant's first assignment.

In plaintiff's first amended petition and in the first paragraph thereof, after naming all the defendants, including T. F. Lynch, the husband of Mary A. Lynch, it is stated that "all of them have appeared by counsel and filed their answer." Appellant's second assignment, directed to the alleged failure of plaintiff to make the husband of Mrs. Lynch a party, appears to be without support in the pleading.

[3] Article 2106, Vernon's Sayles' Tex. Civ. Stats., relieving executors, administrators, and guardians from the duty of giving bonds on appeal or writ of error when taken by them in their fiduciary capacity, does not apply where the guardian or administrator is personally aggrieved by the judgment of a court below, and desires to appeal in his own right. In such case he must give bond within the time required by law, in order to perfect his appeal. Guest v. Guest, 48 Tex. 210; Logan v. Gay, 99 Tex. 603, 90 S. W. 861, 92 S. W. 255. Hence we conclude that appellant's contention as set forth in their third assignment, to the effect that the judgment theretofore rendered by the district court of Bosque county was suspended by appeal at the time of this trial in the county court, must be overruled.

[4] Nor do we think there is any merit in the fourth assignment to the effect that the guardian's bond having been given in the sum of $3,000, in favor of six beneficiaries, that Mrs. Bernhardt could not recover an amount in excess of $500. While it was held in the cases cited by appellants under this assignment that sureties on a bond may not be held in an amount in excess of that recited in the bond, yet no such question is presented here. It appears from the judgment introduced in the evidence that the guardianship was closed, prior to this suit in so far as two of the wards were concerned, to wit, Fannie A. Howell (formerly Cotterell) and Willie A. Cotterell, and that the guardian had already made full and satisfactory settlement with them. There is nothing in the record to suggest that the bondsmen had responded to any suit or claim urged by either of these two wards. Hence it follows that the bond inured to the benefit of the four remaining wards, including Mrs. Bernhardt. The recovery here allowed is only for $747.40, less than one-fourth of the amount of the bond. The cases holding that where there are several wards, and the guardian has given a general bond for the protection of all, a recovery as to each ward against the bondsmen is limited to his pro rata share of the amount fixed in the bond (such cases as Knox v. Kearns, 73 Iowa, 286, 34 N. W. 861; Edmonds v. Edmonds, 73

---

Iowa, 427, 35 N. W. 505, and other cases cited in 21 Cyc. 261), are but announcements of a rule predicated on the right of the sureties to have their liability limited to the amount of the bond, and the right of the wards to share equally under this protection. But, as shown, this rule of decisions has not been violated by the judgment rendered in the instant case. Hence we overrule the fourth assignment, as well as the first, second, and third. Assignments 5 to 8, inclusive, as limited by the two propositions thereunder, the four being grouped, fail to represent error.

[5, 6] An appeal from a judgment in the lower court, where the law requires a bond to be given, is not perfected until the bond is filed. Articles 2099 and 2101, Vernon's Sayles' Tex. Civ. Stats. A bond was necessary in this character of appeal. Logan v. Gay, supra.

All assignments are overruled, and the judgment affirmed.

Affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes