### WEDGWORTH v. ROBERSON et al.
### No. 4120.

Court of Civil Appeals of Texas. Texarkana.
Dec. 22, 1931.

Rehearing Denied Jan. 7, 1932.

V. K. Wedgworth, of Fort Worth, for appellant.

Glover Johnson, McLean, Scott & Sayers, McCart, Curtis & McCart, and Jack Binion, all of Fort Worth, for appellees.

On Motion to Dismiss the Appeal.

WILLSON, C. J.

It appears in the record that in proceedings in the county court of Tarrant county commenced August 15, 1929, by a petition filed by Birdie Roberson who alleged that as an heir she owned an interest in the estate of Roscoe C. Blackburn, deceased, appellant V. K. Wedgworth, by a judgment rendered July 26, 1930, was removed as administrator of said estate, and Dan E. Lydrick was appointed administrator thereof in his stead. It appears, further, that a like judgment was rendered in the district court on an appeal thereto prosecuted by said V. K. Wedgworth; and appears, further, that the appeal now pending here was prosecuted from said judgment of the district court, and that in prosecuting it Wedgworth did not file a bond entitling him to do so, as he was required to by article 2258, R. S. 1925, unless he was exempt from complying with such requirement by article 2276 of said statutes, providing that an administrator appointed by a court of this state (and Wedgworth was so appointed) "shall not be required to give bond on any appeal or writ of error taken by him in his fiduciary capacity." The motion to dismiss was on the theory that it appeared Wedgworth's appeal was not really, but only ostensibly, in his capacity as administrator, and therefore that he was not entitled to prosecute same without filing the statutory bond. We think the motion should be sustained. As we view the record, whether Wedgworth was continued as administrator or not was a mat-

ter of concern to him only in his personal capacity. In that view, it was indispensable to a right in him to the review he seeks that he should file the statutory bond. Holman v. Klatt, 34 Tex. Civ. App. 506, 78 S. W. 1088; Hicks v. Oliver (Tex. Civ. App.) 26 S. W. 641; Guest v. Guest, 48 Tex. 210; Lynch v. Bernhardt (Tex. Civ. App.) 201 S. W. 1051; Logan v. Gay, 99 Tex. 603, 90 S. W. 861, 92 S. W. 255.

Other persons than those hereinbefore named sought by intervention to become parties to the suit, but were dismissed therefrom, and none of them are complaining here.

The motion is granted, and the appeal will be dismissed.

### On Motion of Appellant for a Rehearing.

The contention in the motion that this court erred in holding that whether appellant was removed as administrator or not concerned him only in his personal capacity seems to be predicated on the holding in Drew v. Jarvis, 110 Tex. 136, 216 S. W. 618, 620, where Judge Greenwood, speaking for the Supreme Court, said: "It is as much the administrator's duty to withhold the estate from one not lawfully entitled to receive it as is his duty to surrender the estate, whenever the administration may be closed, to those entitled thereto. The proceeding," the court added, "to withdraw the estate from administration was of vital concern to the beneficiaries of appellant's trust, and she had the same right to invoke the exercise of appellate jurisdiction, in her fiduciary capacity, as to defend in the county court. Appellant was before the appellate courts as the representative of the estate, and no bond was requisite to perfect the appeals." The ruling in that case, we think, has no application in this one. The effort there was to withdraw the estate from administration, while the instant proceeding was to remove appellant as administrator and appoint some other person to carry on the administration.

The motion is overruled.