## HODGE v. TAYLOR.

### No. 13229.

Court of Civil Appeals of Texas. Fort Worth.

June 14, 1935.

Rehearing Denied Sept. 6, 1935.

R. M. Rowland, of Fort Worth, for appellant.

J. Clark Taylor, Jr., of Columbia, Tenn., and Allen & Gambill, of Fort Worth, for appellee.

LATTIMORE, Justice.

This is on motion to dismiss the appeal of Hodge, administrator, who appealed without giving bond, under article 2276, R. S.

Leonard Taylor died in Tennessee, leaving an estate both real and personal in Texas, as well as in Tennessee, and leaving a purported will, the probate of which in Tennessee was contested. Appellant Hodge was appointed administrator in Texas.

At the conclusion of a lengthy contest in Tennessee, the will was there admitted to probate. The executor there named applied in Texas for ancillary letters upon the personalty in Texas and asked that Hodge be required to deliver to him the personal estate as it existed at the death of Leonard Taylor. Admittedly, the will is insufficient under Texas statutes as to the realty in Texas, and no effort is made to

unhorse Hodge as to the Texas realty. The district court on appeal ordered Hodge to deliver said personalty without prejudice to his continuing as administrator in control of the realty.

Appellee contends that the appeal concerns Hodge personally and that he must give bond under article 3700, R. S.

There are no debts presented or to be presented to Hodge as administrator, but the distribution of the estate under the will is different from that to be made under descent and distribution. Hodge was regularly appointed administrator and became bound for the proper distribution of the estate under order of court. For ought that we know of this case, not being before us on the merits, this order requires him to deliver the estate to one who will in turn be automatically under obligation and promise to deliver it to those not entitled to it, and if Hodge, knowing this, takes no steps by appeal to protect those who are rightfully entitled to the estate and to whom he is bound by his oath and bond, he might be liable thereon to the rightful heirs by descent.

It is not merely a question of who shall administer the estate, pay the same debts, and deliver the property under the same rules appertaining thereto, to those heirs under the same law. If it were, then Wedgworth v. Roberson (Tex. Civ. App.) 45 S.W.(2d) 427, would apply. In Holman v. Klatt, 34 Tex. Civ. App. 506, 78 S. W. 1088, the entire case on appeal was submitted to the Court of Civil Appeals on the merits and, on a determination of the merits of the appeal, the administration was found void. But Hodge's case on the merits is not before us, has not been briefed, or submitted, and we cannot in justice to ourselves or the litigants attempt to decide the ultimate merits of the appeal on a motion to dismiss, when such decision requires a reading of the entire statement of facts.

In Guest v. Guest, 48 Tex. 210, the only question was: Who should execute the terms of a probated will? Manifestly, this is personal to the one appealing and he must give bond.

Our Supreme Court in Drew v. Jarvis, 110 Tex. 136, 216 S. W. 618, 620, in which a guardian sought to require an administrator to deliver to the guardian the estate to which the guardian's wards were heir, said: "It is as much the administrator's duty to withhold the estate from one not lawfully entitled to receive it as it is his duty to surrender the estate, whenever the administration may be closed, to those entitled thereto. The proceeding to withdraw the estate from administration was of vital concern to the beneficiaries of appellant's trust."

Of course, the duty to withhold, just quoted, does not mean from another administrator who would be under the identical duty of the servicing administrator. Rather it means the duty to withhold from one who would divert it from the creditors and heirs. Arai v. Saenz (Tex. Civ. App.) 52 S.W.(2d) 383 (writ refused), was declared distinguishable from Drew v. Jarvis, supra; but the basis of the distinction is not given. Arai v. Saenz was an appeal by the administrator, who was denied the right to contest a will of his decedent. It is in many respects like the case at bar, although in this one Hodge is expressly continued as administrator of the realty. He is not in the position of an ousted administrator, as was Arai, but is an administrator who has by a judgment been required to deliver a part of the estate to others. Eventually, he must make a report to his probate judge and, if the delivery of the personalty was not as it should have been, must explain to the probate judge why he did not appeal from the judgment if unjust. However, we do not say that this difference makes a distinction.

Whether the appeal must be dismissed rests in the last analysis on this question: Does the administrator owe a duty to the heirs to resist, to the last available remedy, the attempt of those who are not entitled to that estate as against the heirs? In Marshall v. Stubbs, 48 Tex. Civ. App. 158, 106 S. W. 435, this question was answered "yes" as to an executor, and as to an administrator in Glynn's Estate (Tex. Civ. App.) 62 S.W.(2d) 1019; Drew v. Jarvis, 110 Tex. 136, 216 S. W. 618; and Wright v. Glynn (Tex. Civ. App.) 64 S.W.(2d) 1109. We believe that is the proper answer in those cases where the administrator has qualified and is serving, and who must for his delivery of portions of the estate, which he has given over to those other than creditors or heirs under the law of his appointment, justify himself in his report to the probate judge.

The motion to dismiss the appeal is overruled.