## STEPHENSON v. MANIRE.

### No. 8218.

Court of Civil Appeals of Texas. Austin.

April 3, 1936.

Rehearing Denied April 29, 1936.

Kerr & Gayer, of San Angelo, for appellant.

W. A. Johnson and I. J. Curtsinger, both of San Angelo, for appellee.

McCLENDON, Chief Justice.

Appeal from a judgment of the district court, dismissing an appeal by a temporary administrator, in his representative capacity and without an appeal bond, from an order of the probate court refusing to appoint him, and appointing another, as permanent administrator. The controlling question involved in the appeal is whether the temporary administrator could appeal from such order in his representative capacity, and without giving bond.

Stephenson, upon his own application, was appointed by the probate court of Tom Green county, temporary administrator of the estate of L. W. Manire, who died intestate. The application showed a necessity for a temporary administration and asked that he or some other suitable person be appointed temporary administrator, and that "such appointment, unless contested at the next regular term of the court, be made permanent." It alleged that the only heir of Manire residing in Texas was a nephew, that it was agreeable to such nephew that applicant be appointed administrator, and that the only other heirs were nieces and nephews residing in various parts of the United States. Mrs. Manire (appellee) contested the application in so far as it sought to have Stephenson appointed permanent administrator, and asked that she be so appointed. Her right to such appointment was predicated upon her claim to be the surviving wife of Manire. In this regard she alleged that she married him in 1921, and that they lived together as man and wife until July, 1928, "when, as petitioner has recently learned, a judgment of divorce was granted to said L. W. Manire against her; that although petitioner, as defendant in such divorce case, appeared in

said cause and contested same, she was told by said L. W. Manire, and so believed, that said judgment of divorce had been set aside, done away with and held for naught, and that no such divorce judgment was granted; that believing said representations to be facts, petitioner and said L. W. Manire agreed to continue to live together as husband and wife, and did continue to live together as husband and wife, without intermission until the day of his death on the 29th day of October, A. D. 1933, and were in fact and in law husband and wife at all times from the time of such agreement until, and the date of, his death as aforesaid." Upon the hearing of this contest, the probate court found that Mrs. Manire was "the lawful surviving wife" of deceased, and entitled to prior right of administration. She was thereupon appointed permanent administratrix. Stephenson was ordered to "cease to act as temporary administrator" and file his account as such. Stephenson excepted and gave notice of appeal to the district court. Whereupon, the order recites, no bond should be required of him, but "his bond as temporary administrator, on file herein, operate as a supersedeas bond on such appeal." The order also provided that he continue to act as temporary administrator pending the appeal.

The district court dismissed the appeal, upon Mrs. Manire's motion, on the ground that Stephenson had no right to appeal from the order without giving an appeal bond.

■ The uniform holding in this state has always been that the right to administer upon an estate is one of personal interest to the administrator, and the statutes (articles 2276 and 3700) exempting him from giving bond, when appealing in his official capacity, do not apply to a contest of this character. Guest v. Guest, 48 Tex. 210; Bills v. Scott, 49 Tex. 430; Hicks v. Oliver (Tex.Civ.App.) 26 S.W. 641; Holman v. Klatt, 34 Tex.Civ. App. 506, 78 S.W. 1088 (error ref.) ; Wedgworth v. Roberson (Tex.Civ.App.) 45 S. W.(2d) 427, 428 (error ref.).

It is urged that Guest v. Guest and Bills v. Scott were decided under statutes in force in 1870, which expressly excepted from the exemption "controversy is respecting the right to administer, or the settlement of an account."

The particular article referred to is Paschal's Dig. art. 5788, which relates only to supersedeas in appeals from probate proceedings. At that time no bond was required in appeal to the Supreme Court in probate matters by any aggrieved person. Paschal's Dig. art. 5783; Bills v. Scott, above. Other proceedings were governed in this regard by section 4, chapter 95, of the Act of March 16, 1848 (Paschal's Dig. art. 1503), which exempted administrators from giving bond on appeal "in any suit to recover money due or property belonging to the estate." It may be argued that this article only exempted the administrator from giving bond in the specific instances enumerated, whereas the present articles exempt the administrator generally, excepting only those cases in which he is "personally concerned." The distinction is more in wording than substance. The basic objective of all of these statutes was to confine the right of appeal without bond to those cases in which the administrator was acting in his fiduciary capacity as distinguished from his personal concern or interest, a distinction generally recognized in other, as well as in this jurisdiction. See Re Appeal of Avery, 117 Conn. 201, 167 A. 544, 88 A. L.R. 1154, and case note at pp. 1158 et seq. Section 58 of the Act of February 5, 1840, Act March 16, c. 95 (Hartley's Dig. arts. 1041 and 804), exempted generally administrators from giving bond on appeal, without any stated exception. Judge Wheeler, in construing the above act of 1848, said: "This statute was not intended, we think, to change the rule upon this subject, as understood and practiced under the former law [act of 1840, above]. That the mere change of phraseology, in the revision of a statute before in force, will not work a change in the law previously declared, unless it indisputably appear that such was the intention of the legislature, has been expressly decided." Ennis v. Crump, 6 Tex. 34. The same justice, construing the same statutes in Battle v. Howard, 13 Tex. 345, said: "Where an executor or administrator appeals in his own behalf from a judgment affecting him personally, he undoubtedly must give bond in like manner as any other person appealing from a judgment by which he conceives himself personally aggrieved. But where he appeals on behalf of the estate he represents, from a judgment rendered against him in his representative capacity, it is an act done within the scope of the trust reposed in him in that capacity, for the due exercise of which the bond he has previously been required to give to ensure the rightful performance of the trust, is a security, and the law does not require, or contemplate that he shall give an additional bond for every

such act he may be required to perform, in the discharge of his duty to the estate he represents. In such a case he may appeal without bond."

This excerpt was quoted with approval by Chief Justice Roberts in Guest v. Guest, above. The editor of the note on article 3700 (then article 2257), in Batts' Ann.Civ. Stat.(1895), says: "This article is in substance the same as section fifty-eight (H.D. 1041) of the Act of 1840 [above], section 16 (H.D. 1098) of the Act of 1846, and section 4 (H.D. 804; P.D. 1503) of the Act of March 16, 1848 [above]."

■ It will thus be seen that the present statutes merely change the phraseology of the prior statutes, so as to make the language of the former conform to the uniform holding under the latter that the exemption from giving bond inures to the administrator when the matter in issue is one touching his representative capacity only as distinguished from his "personal concern" or interest.

The above cases of Holman v. Kaltt and Wedgworth v. Roberson (error refused in each) were decided under the present articles, and are directly in point in holding that the administrator is "personally concerned" and must give bond on appeal where the issue is one of his right to administer on the estate.

It is contended that this holding is in conflict with that in Drew v. Jarvis, 110 Tex. 136, 216 S.W. 618. The question there involved was the right of the administrator to appeal without bond from a judgment withdrawing the estate from administration, the statute (article 3235, Vernon's Sayles' Civ.St.1914) making it his duty "to recover possession of and hold such estate in trust to be disposed of in accordance with law." The right of the administrator personally to serve as such was not involved. This same point was made on rehearing in Wedgworth v. Roberson, and was thus disposed of: "The ruling in that case [Drew v. Jarvis], we think, has no application in this one. The effort there was to withdraw the estate from administration, while the instant proceeding was to remove appellant as administrator and appoint some other person to carry on the administration."

Stephenson was permitted to testify, over objection, that his only interest in seeking to be permanent administrator was to see that the estate of his friend was administered in accordance with his wishes and was finally turned over to those lawfully entitled thereto. The "personal concern" here involved arises as a matter of law from the relation of the temporary administrator to the estate. His motives or intentions have no bearing upon the issue whether the controversy is one which concerns him personally, or only in his representative capacity. It is no concern of a temporary administrator, as such, as to who is appointed permanent administrator. His duties are to take charge of the estate, do the specific "limited" things to preserve it that are required in the order of his appointment, render proper account, and deliver the estate to the permanent administrator upon his appointment and qualification. R.C.S., title 54, ch. 7, arts. 3373–3381. Whether the court appoints him permanent administrator or some other person and upon what ground concerns him only in his personal capacity or interest.

■ The county court had no power to defeat the statutory requirement of an appeal bond, or to alter the obligation of the administrator's bond so as to make it a supersedeas bond on appeal. The condition of that bond was that the temporary administrator "well and truly perform all the duties required of him under said appointment." The obligation of an appeal bond is to pay the costs of an unsuccessful appeal unconditionally. The former is a fiduciary bond, the latter a bond to pay unconditionally upon a given contingency, without regard to the manner in which fiduciary obligations are performed. The court had no power, without the consent of the surety, to add to the obligation of the bond, and its order to that end was ineffective and void.

The trial court's judgment is affirmed.