## YOUNG v. McKINNEY.

### No. 9848.

Court of Civil Appeals of Texas. San Antonio.

April 15, 1936.

Rehearing Denied May 13, 1936.

-. S. J. Norvell, of Beeville, for plaintiff in error.

· L. J. Freeman, of Beeville, and Swearingen, Miller & Fly, of San Antonio, for defendant in error.

BOBBITT, Justice.

Plaintiff in error undertakes to prosecute this appeal from a judgment of the district court of Bee county, entered on May 14, 1935, affirming an order of the probate court of said county, overruling a so-called bill of review there filed by plaintiff in error, and reaffirming the appointment of defendant in error, as guardian of the estate of Henry Clay Young, a person of unsound mind.

Briefly, the history of the case follows: The county court of Bee county had found and declared Henry Clay Young to be a non compos mentis; and following certain temporary proceedings, entered its order on February 9, 1929, appointing plaintiff in error, Thomas H. Young, the older brother, permanent guardian of the estate of the unfortunate Henry Clay Young. It is undisputed that on said date plaintiff in error was not a resident of Texas, but then resided and still resides in the state of Arkansas. It is conceded that plaintiff in error failed to make an annual report of his administration of such estate for the year 1929. On June 4, 1930, while plaintiff in error was visiting in Bee county, from his Arkansas residence, another brother, George Young, Jr., filed his petition in the probate court of Bee county, asking that plaintiff in error be removed as such guardian on the grounds (a) that the guardian had failed to file his annual report as required by law, and (b) that he was not qualified to act because he was not a resident of Bee county, and, of course, not a resident of Texas. Such petition also prayed the court to appoint J. J. McKinney as the guardian of the person and estate of said non compos mentis. After a hearing, the court, on the same day, found that plaintiff in error had failed to make the legally required annual report, and that he was not a resident of Texas, and not qualified to act as such guardian; entered an order removing plaintiff in error, and appointed J. J. McKinney as guardian of the person and estate of Henry Clay Young. On June 6, 1930, McKinney duly qualified, and has ever since been acting, and is now acting as such guardian, subject to· and under orders of the probate court.

On July 21, 1930, plaintiff in error filed what is termed his bill of review in the probate court of Bee county, asking the court to vacate and set aside his aforesaid order of June 4. It appears that no action was requested or had concerning the filing of this action by plaintiff in error, until some five years later. In the meantime, and it seems immediately after his removal on June 4, plaintiff in error turned over to his successor as guardian, defendant in error, McKinney, all assets of the estate, and thereafter fully recognized and dealt

with him as such guardian. Then, on January 23, 1935, plaintiff in error revised and presented his bill of review filed five years previously, and after a hearing the court reaffirmed its order of June 4, 1930, and overruled plaintiff in error's bill or petition. Plaintiff in error then appealed, in due order, to the district court of Bee county. Following the trial in the district court, in which the action of the probate court was in all things sustained, plaintiff in error filed his motion for a new trial, which was by the court, on May 23, 1930, overruled, from which action of the district court plaintiff in error presents this appeal.

In view of the undisputed and admitted facts of this case, and under the law plainly applicable thereto, we find that the trial court entered the proper order in this cause.

Without regard to the action of the trial court, in so far as the question of the failure to file his annual report is concerned, it is clear that plaintiff in error was, and is, not qualified to act as guardian in this proceeding on the ground of his nonresidence in the state of Texas. Article 4233, subd. 3, R.S.1925; article 4123, subd. 3, R.S.1925; article 4111, subd. 6, R.S., as amended by the 41st Legislature, 1929, c. 31, § 1 (Vernon's Ann.Civ.St. art. 4111, subd. 6); article 4108, R.S.1925; Brown v. Brown (Tex.Civ.App.) 142 S.W. 23; Balfour v. Collins, 119 Tex. 122, 25 S.W. (2d) 804; Dieckow v. Schneider (Tex.Civ. App.) 83 S.W.(2d) 417.

Furthermore, it is perfectly apparent that the judgment entered by the trial court in this cause cannot be disturbed through the action of plaintiff in error herein, for the reason that he has failed to comply with the law and file the required appeal bond. Wedgworth v. Roberson et al. (Tex.Civ. App.) 45 S.W.(2d) 427, writ of error refused; Hicks v. Oliver (Tex.Civ.App.) 26 S.W. 641; Holman v. Klatt, 34 Tex.Civ. App. 506, 78 S.W. 1088; Guest v. Guest, 48 Tex. 210; Lynch v. Bernhardt (Tex.Civ. App.) 201 S.W. 1051; Logan v. Gay, 99 Tex. 603, 90 S.W. 861, 92 S.W. 255; Cox v. Paschal (Tex.Civ.App.) 54 S.W. 774; Warne v. Jackson et al. (Tex.Civ.App.) 230 S.W. 242.

This appeal is not prosecuted by the guardian of the estate in his official capacity, or in any sense by or on behalf of the estate; it is an effort on the part of plaintiff in error to get himself appointed, or reinstated, to the end that he may act as such guardian, and he cannot maintain or prosecute the appeal without the required appeal bond.

The judgment of the trial court cannot be disturbed through these proceedings and the appeal is dismissed at plaintiff in error's cost.

Dismissed.