**POWELL'S ESTATE v. MACKEY.**

No. 15031.

Court of Civil Appeals of Texas.
Fort Worth.

March 18, 1949.

Rehearing Denied April 15, 1949.

Turner & Turner, of Dallas, for appellant.

Geo. K. Holland, of Dallas, for appellee.

HALL, Justice.

This is an appeal from a judgment of a district court of Dallas County, Texas, removing appellant, Frank Davis, as administrator of the estate of Gracie Powell, deceased, upon the petition of one Fannie Mackey, sister to Gracie Powell, deceased.

The administrator, appellant herein, did not file an appeal bond. The first question presenting itself here on appeal is whether the administrator could perfect such appeal from such order to remove him as administrator of the estate in question without first giving bond or perfecting his appeal upon a pauper's oath in lieu thereof.

Appellee's petition for removal of appellant as administrator of the estate of Gracie Powell could not be construed as filed for any other purpose; in her petition she alleged as a reason for such removal the fact that appellant had failed and refused to pass upon the claim of funeral expenses and expense of last sickness of the deceased.

We find the litigation involved herein personally concerns appellant and it was therefore necessary for him to give bond under Article 2276, Vernon's R.C.S. The matter has been settled against appellant's contention in the case of Wedgworth v. Roberson, Tex.Civ.App., 45 S.W.2d 427, writ refused, and Stephenson v. Manire, Tex.Civ.App., 93 S.W.2d 559, writ refused. Our conclusion prevents us from discussing the case upon its merits.

Appellant relies upon such cases as Drew v. Jarvis, 110 Tex. 136, 216 S.W. 618, and Altgelt v. Elmendorf, Tex.Civ.App., 84 S.W. 412. By a reading of these two cases it is noted they do not concern the administrator personally. The Jarvis case was to withdraw an estate from administration, while the instant case is one to remove appellant as administrator and to appoint another in his place. The Elmendorf case was an action against the administrator in his official capacity to recover a money judgment against the estate he represented.

The motion of appellee to dismiss the appeal is granted and the cause dismissed.