Lily LUCE, Appellant,

v.

Minn Shipp LUCE, Appellee.

No. 15715.

Court of Civil Appeals of Texas,
Austin.

Dec. 21, 1977.

Jim M. Cross, Marble Falls, for appellant.

Everett H. Smith, Smith, Smith & Mealy,
Kingsland, for appellee.

SHANNON, Justice.

Appellant, Lily Luce, tendered the Clerk
of this Court a transcript and statement of
facts which the Clerk refused to file be-
cause the transcript showed that appellant
did not file a cost bond. Appellant has filed
a motion requesting this Court to order the
record filed. We will overrule the motion.

Appellant appeals from the order of the
county court of Burnet County which re-
moved her as the administratrix of the es-
tate of Howard Douglas Luce. Appellant
did not file a cost bond. If a cost bond is
required, the Clerk correctly refused to file
the record since this Court would not have
jurisdiction of the appeal.

Appellant claims that Tex.Prob.Code
Ann. § 29 (1956) excuses her from filing a
cost bond. Section 29 provides:

"When an appeal is taken by an execu-
tor, administrator, or guardian, no bond
shall be required, unless such appeal per-
sonally concerns him, in which case he
must give the bond."

The genesis of § 29 is found in the second
paragraph of Tex.Rev.Civ.Stat.Ann. art.
2276 (1971) which provides:

"Executors, administrators and guardi-
ans appointed by the courts of this State
shall not be required to give bond on any
appeal or writ of error *taken by them in
their fiduciary capacity.*" (Emphasis
added)

The emphasized language in art. 2276 has
been construed to mean that if the appeal
concerns a matter personal to the executor,
administrator, or guardian, such as an order
removing him from one of those capacities,
then such party is not taking the appeal in
his fiduciary capacity, and, as a result, a
cost bond is required. *Powell's Estate v.
Mackey,* 219 S.W.2d 156 (Tex.Civ.App.1949,
writ ref'd); *Wedgworth v. Roberson,* 45
S.W.2d 427 (Tex.Civ.App.1931, writ ref'd).

The holdings in *Powell's Estate v. Mack-
ey, supra,* and *Wedgworth v. Roberson, su-
pra,* are now codified in § 29. Because
appellant appeals from an order personal to
her, her removal as administratrix, she was
required to file a cost bond.

Appellant's motion is overruled.