**HILLHOUSE et al. v. ALLUMBAUGH.**

No. 15221.

Court of Civil Appeals of Texas.
Fort Worth.

April 6, 1951.

Alexander D. McNabb, of Dallas, for appellants.

J. J. Fagan, of Dallas, for appellee.

McDONALD, Chief Justice.

The present appeal concerns the estate of Garrett Preston Allumbaugh, deceased, and certain efforts made to probate his alleged will.

Fannie Estelle Allumbaugh, appellee before us, first filed her application to probate said will in cause No. 26738 in the county court of Dallas County. The will was ordered probated on December 17, 1946. Probate of the will had been contested, and an appeal was taken to the district court. The district court proceeding was thereafter dismissed for want of prosecution on October 18, 1947. There-

after, appellee Mrs. Allumbaugh filed a second application to probate the will, in cause No. 28968 in said county court. On December 7, 1948, the county court ordered said will probated. Appeal was taken from the last mentioned order to the district court. Mrs. Hillhouse, the appellant before us, filed a motion in the district court in the second appeal, charging that said district court was without jurisdiction to hear the matter, on the ground that the county court had no jurisdiction to entertain the second application to probate the will, in cause No. 28968, because the first administration proceeding, to-wit, No. 26738, was still pending in the county court. It was charged, among other things, that a temporary administrator had been appointed in the first proceeding and was still acting in such capacity at the time the second proceeding was filed in the county court.

On March 28, 1950, said motion was heard in the district court, and judgment was rendered sustaining said motion and ordering that the district court cause be, to quote from the judgment, "dismissed by agreement for want of jurisdiction," and it was ordered that the clerk of the district court should certify the judgment back to the county court for further proceedings.

Thereafter on motion of appellee Mrs. Allumbaugh, who was named as independent executrix in the will, the county court, in cause No. 28968, the second probate proceeding, approved the final account of the temporary administrator and ordered that the assets of the estate, after payment of certain designated charges, be turned over to appellee as independent executrix. Mrs. Hillhouse, appellant before us, appealed from the last mentioned order to the district court. The district court, on August 8, 1950, rendered judgment to the same effect as the order of the county court last mentioned, to-wit, ordering the assets of the estate turned over to appellee Mrs. Allumbaugh as independent executrix. The present appeal is from the last mentioned judgment of the district court.

The contention of appellant is that the judgment ordering the assets of the estate turned over to appellee as independent executrix cannot stand because there has not yet been a final judgment probating the will. We uphold this contention.

■ Under rules long settled, the appeal from the first order of the county court probating the will had the effect of vacating that order, and the dismissal of the appeal in the district court did not have the effect of reinstating the judgment of the county court. 13 Tex.Jur., Decedents Estates, pars. 55–65. The trial in the district court in such a case is de novo, and is not a review of the proceedings of the county court, such as is made by a court of civil appeals or the supreme court in an appeal from a trial court. It is only when the appeal to the district court is dismissed because of failure properly to effect the appeal that the judgment of the county court remains in effect. In such case, the county court judgment remains in effect because nothing has been done sufficient in law to vacate it.

■ It is not disputed that the rules announced are applicable to the first order of the county court probating the will. It is only with respect to the second order, entered in the second probate proceeding on December 7, 1948, and the appeal therefrom, that the parties differ. Appellee argues that the judgment of the district court dismissing the second appeal for want of jurisdiction, by agreement of the parties, is binding on appellant, and that appellant cannot here dispute the effect of such judgment. As we see it, appellee misconstrues the effect of the second dismissal in the district court, and misconstrues appellant's contentions with respect thereto. The so-called dismissal for want of prosecution in the second appeal to the district court was not entered because of any failure to take the steps necessary to perfect an appeal from the county court order. When we examine the motion to dismiss said appeal, and the language of the order of dismissal, it is clearly seen that the order of dismissal was based on the

theory that the district court had no jurisdiction of the appeal because the county court had no jurisdiction to enter orders of any kind in the second probate proceeding. If anything was adjudicated in the second order of dismissal, it was that the county court had no jurisdiction of the second probate proceeding and that the order entered in the second proceeding probating the will was therefore invalid. Actually, however, we do not get to the question just suggested, because it is apparent from the record that the appeal from the second order probating the will was properly perfected and that said order was therefore vacated, just as was the order probating the will which was entered in the first probate proceeding. The effect of the second appeal was the same as the effect of the first appeal, to-wit, the order probating the will was vacated, and in neither instance did the dismissal of the appeal by the district court have the effect of reinstating the order probating the will.

The present situation, therefore, is this: There has not yet been a final order probating the will, consequently the order directing delivery of the estate to appellee as independent executrix cannot stand. It is in order for the county court again to proceed with the application to probate the will, and to hear the contest of it, after which any dissatisfied party may appeal if he desires. It is not now a material question whether the county court should proceed in the first numbered administration, or in the second one, because said causes in the county court have heretofore been consolidated by an order of that court.

The judgment of the district court is reversed, and judgment is here rendered setting aside the order approving the final account of the temporary administrator and setting aside the order directing delivery of the assets of the estate to appellee. Upon return of the mandate to the district court the clerk thereof is ordered to certify the judgment to the probate court as required by Rule 335, Texas Rules of Civil Procedure.

Reversed and rendered.