In re ESTATE of Alfred ROSENFIELD, Jr.,
Deceased.

No. 16083.

Court of Civil Appeals of Texas.

Dallas.

Nov. 23, 1962.

Rehearing Denied Dec. 14, 1962.

Joe B. Brown, Jr., Dallas, for appellant.

Lawrence Vance, Dallas, for appellee.

WILLIAMS, Justice.

Supplemental transcript having been filed to perfect the record, the former opinion of this court is withdrawn, and the following substituted therefor:

The Probate Court of Dallas County appointed Irene Rosenfield as administratrix of the Estate of Alfred Rosenfield, Jr., who had died intestate in 1953. The Administratrix filed an inventory and appraisement of the Estate but no further action appears of record until September 11th, 1958 when the Probate Court removed Irene Rosenfield for failure to file an annual exhibit and account. On said date, Joe B. Brown,

Jr. was appointed Successor Administrator of said Estate. Such Successor Administrator filed an annual account, same being approved by the Probate Court. From such order an appeal was taken to the District Court. From the order of the District Court the Successor Administrator brings this appeal.

The Rules governing appeal from the Probate Court to the District Court are succinctly stated in 19 Tex.Jur.2d § 1068, pp. 119–122, and Rules 332–335, Texas Rules of Civil Procedure (prior to amendments effective September 1st, 1962). Appeals to the District Court relating to estates of decedents are by trial de novo and are governed by the same rules as in other civil cases in the District Courts. Hillhouse v. Allumbaugh, Tex.Civ.App., 238 S.W.2d 799; Pruett v. Hamilton, Tex.Civ. App., 263 S.W.2d 193. Being a trial de novo it was encumbent upon the Successor Administrator in this case to establish by competent evidence in the District Court the essential facts supporting his annual accounting as well as facts supporting his request for fees. In the District Court the only testimony introduced was a stipulation by counsel that the final accounting of the Successor Administrator (with the exception of one paragraph thereof) would be accepted as true. The inventory and appraisement previously filed by the original administratrix was also accepted in evidence without objection.

Successor Administrator assails the finding of the District Court that the furniture and fixtures of the estate were of the value of $150, holding Irene Rosenfield, the former administratrix, and the sureties on her bond, accountable for $150. We sustain this point. The only evidence before the District Court concerning value of the community property was the inventory and appraisement which listed the furniture and fixtures as having the value of $500. It was also stipulated that the Successor Administrator had been unable to locate the furniture and fixtures described in the inventory, same having the value of $500. There is nothing in this record to support the finding of the trial court to the effect that said property had the value of $150.

Successor Administrator also contends that the District Court erred in granting Joe B. Brown, Jr. an attorney's fee of $150 for his services. We sustained this point. There is no evidence in this record that the Successor Administrator requested or secured the services of an attorney to represent him in this matter. Moreover, there is no evidence concerning the amount of work performed by such attorney, if any, or the reasonable value of such services. Without supporting evidence the trial court was without authority to make such arbitrary finding.

Finally, Successor Administrator contends that "The District Court erred in denying an allowance to the Successor Administrator as compensation for his services in securing the information and preparing the account and exhibit on behalf of the former administratrix." Perforce, Rule 224, Probate Code, V.A.T.S., a Successor Administrator is clothed with all rights, powers and duties of his predecessor and is required to account for all of the estate which came into the hands of his predecessor and shall be entitled to any order and remedy to which the court has power to give in order to enforce a delivery of the estate and the liability of the sureties of his predecessor for so much as is not delivered. Furthermore, Rule 245 of the Probate Code provides that upon neglect of the performance of the duties required any cost that is necessarily incurred is chargeable against such representative and his sureties on his bond. While, in our opinion, there is no question but that the Successor Administrator in this case was entitled to reasonable fee for services rendered by him in securing information and preparing the final account which had not been filed by the original administratrix, yet it was encumbent upon Successor Ad-

ministrator, in the de novo trial in the District Court, to introduce testimony not only as to the amount of services performed by him in the performance of his duties but also the reasonable amount of such claimed fee therefor. In this instance the Successor Administrator tendered no evidence whatsoever concerning the amount of work done by him nor the reasonable value therefor.

In the interest of justice this case should be reversed and remanded for a new trial.

Reversed and remanded.