Tom FILLION, Individually and as Former Administrator of The Estate of Jorge A. Veronelli, Deceased, et al., Appellants,

v.

Josephine N. Watters OSBORNE, Appellee.

No. 17415.

Court of Civil Appeals of Texas, Houston. (1st Dist.).

July 12, 1979.

Sidney L. Farr, Funderburk & Funderburk, Don Karotkin, Houston, for appellants.

Wolfe & Hamilton, Dan R. Wolfe, Houston, for appellee.

COLEMAN, Chief Justice.

This is a suit by a creditor of a decedent's estate, Josephine N. Watters Osborne, against the former administrator of the estate, Tom Fillion, and the surety on the administrator's bond, Lawyers Surety Corporation ("LSC"). Osborne sought to recover a debt previously established by judgment against the estate from the administrator, personally, and the surety on his bond, and attorney's fees.

Trial was to the court, sitting without a jury. From a judgment in favor of Osborne and her attorney for the full amount sought, Fillion and LSC now appeal. The judgment will be reversed.

Osborne obtained a judgment against Fillion, in his capacity as administrator, in the sum of $7,115.43, plus $711.34, as attorney's fees. This judgment was approved by the Probate Court as a fourth class claim against the estate in October of 1975. After demands for payment were not acted on by the administrator, Osborne filed a pleading entitled "motion for final accounting and payment of claim" in which she sought recovery against the administrator and his bondsman as authorized by Article 328 of the Texas Probate Code. After a hearing on March 5, 1976, a proposed order was brought to the attention of the probate judge, but he declined to enter this order. Thereafter an amended petition was filed which for the first time made LSC a party to the case. In this petition, several breach-

es of fiduciary duty on the part of the administrator were alleged. LSC replied to this petition asserting that since a final accounting had not been filed by the administrator a hearing on the matter was premature.

On July 8, 1977, the court on its own motion removed Fillion as administrator and ordered him to file a final accounting.

On March 15, 1978, Osborne filed her second amended petition complaining of Fillion and LSC in which she elaborated on her charges of misconduct on part of the former administrator, and for the first time asserted a claim for her costs including $3,000.00, attorney's fees, claiming that such costs are recoverable under § 245 of the Probate Code. Richard Snell, the successor administrator, was notified of the pendency of the suit, but was not made a party to the suit.

When this cause came on for a hearing before the probate judge, Fillion was called as a witness by the plaintiff and was interrogated by the plaintiff's attorney. During the course of this testimony, the judge inquired if the remainder of the testimony related to the question of mismanagement. On receiving an affirmative answer from the attorney for Osborne, the court announced that he was going to recess the hearing "in order for them to file a more complete accounting. . . ." After an amended accounting was filed, the court rendered judgment for the plaintiff without, so far as the record shows, further hearing in the matter.

■ Section 328 of the Probate Code (Vol. 17(b), V.A.C.S.) creates a cause of action against the representative of an estate and his surety, where he fails to pay on demand any money ordered by the court to be paid to any person when there are funds of the estate available. The section further provides that upon an affidavit reciting demand for payment and failure to pay, the court may cite the representative and the surety on his bond to show cause why they should not be held liable for the debt, inter-

est, costs and damages. Upon return of this citation duly served, if good cause to the contrary be not shown, the court is directed to render judgment in favor of the holder of the claim "for the amount theretofore ordered to be paid or established by suit, and remaining unpaid, together with interest, costs, and damages at the rate of five percent (5%) per month for each month or a fraction thereof that the payment was neglected to be paid after demand therefor."

There appear to be no cases construing § 328, but the interpretative commentary states: ". . . under this section, the provisions of the former statutes are combined in such fashion that a representative who does not comply with an order of payment may, at the option of the creditor, be held personally liable either before or after the issuance and return of execution."

■ The evidence in this case establishes that the probate judge refused to issue an order requiring payment of the claim in suit. Osborne has failed to establish a cause of action under § 328.

■ The administration of this estate is still pending in the probate court. Section 224 of the Probate Code provides that a successor administrator shall proceed to administer such estate as if his administration was a continuation of the former one. He shall be required to account for all the estate which came into the hands of his predecessor and shall be entitled to any order or remedy which the court has power to give in order to enforce the delivery of the estate and the liability of the sureties of his predecessor for so much as is not delivered. He shall be excused from accounting for such of the estate as he has failed to recover after due diligence. It appears, therefore, that it is the right and duty of the successor administrator to recover any assets of the estate which have been misapplied by the original administrator by suit or other proceeding against the former administrator and his sureties. It then be-

comes his obligation to secure a proper accounting by the former administrator, and to pay such claims as are properly payable from the remaining assets of the estate. *Chandler v. Welborn*, 156 Tex. 312, 294 S.W.2d 801 (1956); *Diaz v. Chinn*, 150 S.W.2d 411 (Tex.Civ.App.-San Antonio 1941, no writ).

The trial court awarded attorney's fees in the sum of $3,000.00, to the attorney for Mrs. Osborne, rather than to Mrs. Osborne as requested in her pleadings. She has filed no cross-point complaining of this matter. Both Fillion and LSC complain of this action of the court asserting that the judgment for attorney's fees is not authorized by § 245 of the Probate Code and that such an award is not supported by evidence of-fered at the hearing.

■ Section 245 provides that when the personal representative of an estate or person neglects the performance of any duty required of him, and any costs are incurred thereby, or if he is removed for cause, he and the sureties on his bond shall be liable for costs of removal and other additional costs that are incurred that are not authorized expenditures, as defined by this Code.

■ When this section is considered in context with the preceding sections dealing with the expenses incurred by the personal representatives of estates in the preservation, safekeeping and management of the estate, it appears that the purpose of the section is to insure that the estate will not be charged with fees or any costs which are incurred by reason of fault of the personal representative, and that these fees and costs as well as the reasonable expense incurred in obtaining the removal of the personal representative should be borne by the personal representative and his surety. It is necessary that evidence be presented to enable the court to determine what costs were incurred by reason of the neglect of the personal representative and in obtaining the order of removal. *In Re Rosenfield's Estate*, 371 S.W.2d 95 (Tex.Civ.App.-Dallas 1962, no writ).

In the appellants' briefs filed by Tom Fillion and LSC, the parties state that the hearing before the probate judge was recessed before the movant formally rested her case and that neither Fillion nor LSC was ever permitted or given the opportunity to introduce evidence of any kind. The parties further state that there was no additional hearing prior to the entry of judgment by the probate judge. Fillion's brief states that an objection to this procedure was brought to the attention of the trial court on the date that the judgment was signed. Appellee has filed a brief in which she agrees to the statement of the nature of the case as presented by both appellants.

■ Rule 419, T.R.C.P. authorizes· this court to accept as true statements of fact made by an appellant in his original brief unless challenged by the opposing party. In *Whatley v. Whatley*, 493 S.W.2d 299 (Tex.Civ.App.-Dallas 1973, no writ), Chief Justice Guittard states that one purpose of Rule 419 is to avoid casting on the appellate court the appellee's burden of searching the record to determine whether appellant's statement of the evidence is correct, but pointed out that the rule has also been applied to authorize the court to accept unchallenged statements in the appellant's brief with respect to matters not included in the record. This interpretation of the rule is supported by the cases cited in Judge Guittard's opinion, including two cases by this court.

■ We accept as true the statements as to the manner in which the trial was conducted as previously recited. The failure of the trial judge to afford the appellants an opportunity to cross-examine witnesses and to present such evidence as might be pertinent and available was error rendering the trial materially unfair. The action of the trial court in entering judgment under these circumstances is such a denial of the substantive rights of the appellants as to require reversal of the trial court's judgment. *Texas Employers Ins. Ass'n. v.*

*McCaslin*, 159 Tex. 273, 317 S.W.2d 916 (1958); *State v. Biggers*, 360 S.W.2d 516 (Tex.1962); *Safway Scaffold Co. v. Safway Steel Products*, 570 S.W.2d 225 (Tex.Civ. App.-Houston [1st Dist.] 1978, writ ref. n. r. e.).

The judgment of the trial court is reversed and the cause is remanded.

PEDEN and DOYLE, JJ., also sitting.