**Mildred M. DUMITROV, Appellant,**

v.

**Jan M. HITT, Appellee.**

**No. B2309.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 28, 1980.

Rehearing Denied June 18, 1980.

Linda L. Kelly, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Walter B. Williams, Law Offices of Walter B. Williams, Bellaire, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

Mildred Dumitrov, appellant, originally brought an action against Jan Hitt, appellee, to remove Hitt as the administrator of the estate of Catherine Coker, Dumitrov's daughter. This court affirmed the trial court's judgment removing Hitt as administrator.[1] This appeal concerns the trial court's approval of Hitt's application for reimbursement for attorney's fees incurred by him in unsuccessfully defending the removal action. Dumitrov, the successor administratrix, appeals contesting the propriety of that reimbursement. Hitt moved to dismiss the appeal on the ground that Dumitrov did not timely file her appeal from the probate court's order granting reimbursement, claiming that it was a final appealable order from which the appeal must be taken. Dumitrov perfected her appeal

1. *Hitt v. Dumitrov*, 598 S.W.2d 355 (Tex.Civ. App.-Houston [14th Dist.], 1980).

from the later order restating the final account of Hitt's administration.

We overrule appellee Hitt's motion to dismiss, sustain appellant's points and reverse and render judgment for appellant.

■ The removal action arose when Hitt refused to resign when confronted with allegations that he had a conflict of interests which prevented him from fairly administering his fiduciary duties as personal representative of the estate. The trial court removed Hitt for cause. Hitt filed applications for reimbursement from the estate for attorney's fees incurred in defending the removal action. On August 20, 1979, the probate court entered orders reimbursing Hitt for those items. On September 6, 1979, the court entered an "Order Restating and Approving Final Account." In that order the reimbursement claims were recited and allowed in the final accounting of the former administration. On October 6, 1979, Dumitrov filed a notice of appeal from the September 6 order. The notice was filed timely as to the September 6 order, but filed more than 30 days after the entry of the August 20 order.

Hitt, in his motion to dismiss in this court, contends that the August 20 order of reimbursement was an appealable order which became final by the passage of 30 days pursuant to Tex.R.Civ.P. 329b(5). We hold that the August 20 order was an interlocutory order, that the September 6 order was final and appealable and the only proper order from which Dumitrov could perfect her appeal.

The case of *Armstrong v. Anderson*, 55 S.W.2d 235 (Tex.Civ.App.-El Paso 1932, writ dism'd), described the two methods by which an attorney may recoup payment for services rendered to an estate or to a personal representative. One is the award of a fee directly to the attorney upon his following the formal claim procedure. In that instance the claim must be verified, presented, docketed and formally allowed or rejected by the administrator. By the other method the administrator employs and pays the attorney and later presents a request for reimbursement from the estate to be allowed to him directly. The latter method is clearly the one followed in the present case, as the record reflects no proof of any formal claim requirements. Tex.Prob.Code Ann. § 312(d) (Vernon 1956) states that when a court acts on a claim (as described above), the order shall have the force and effect of a final judgment. A different rule applies to the type of order entered in the present case. The approval of such an expense by the probate court is not a final judgment; that order may be reviewed and corrected in a settlement of the final account. *Anderson v. Armstrong*, 132 Tex. 122, 120 S.W.2d 444 (1938); *Morton's Estate v. Ferguson*, 45 S.W.2d 419 (Tex.Civ.App.-Eastland 1932, writ ref'd). Because the probate court retained jurisdiction over the subject matter, the order settling the final account is the final appealable order. Thus, the timely filed notice of appeal from the September 6 order perfected the appeal to this court.

■ We next consider the merits of Dumitrov's appeal: were the attorney's fees incurred by the former administrator in defending the removal action expenses of administration properly reimbursable from estate funds? For the following reasons we hold that they were not properly allowed.

The general rule regarding expenses of administration is contained in Tex.Prob. Code Ann. § 242 (Vernon 1956). That statute states that personal representatives are "entitled to all necessary and reasonable expenses incurred by them in the preservation, safe-keeping, and management of the estate . . . and all reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate . . . ." In construing that statute, courts have held that the personal representative is entitled to reimbursement for expenses incurred in the exercise of a legal duty imposed by statute or by case authority. While defending a suit against the estate is properly chargeable as an expense of administration, the possibility that the allotment of an heir may be altered does not give rise to this legal duty. *Drake v. Muse, Currie & Kohen*, 532 S.W.2d 369

(Tex.Civ.App.-Dallas 1975) *writ ref'd n.r.e. with op.*, 535 S.W.2d 343. That case held that the administratrix's contest of the probate of a foreign will in Texas, which would remove her as personal representative in favor of the independent executor, was not the exercise of legal duty. The court, therefore, refused to allow her reimbursement for attorney's fees incurred.

In construing Tex.Laws 1876, ch. 112, §§ 132, 133, at 187, which was recodified in Tex.Prob.Code Ann. § 242 (Vernon 1956), quoted above, the court in *In re Higganbotham's Estate*, 192 S.W.2d 285 (Tex.Civ. App.-1946, no writ) similarly refused to allow attorney's fees from estate assets. That court held that the guardian's defense of a removal action, and the fees incurred thereby, were not "necessarily incurred" in the management of the estate, as the statute mandates. The defense of the removal action was held to be a matter personal to the guardian.

Another court, in determining whether the defense of a removal action is within the proper administration of an estate, held that when the propriety of the official acts of the representative or his future right to administer the estate are questioned, the representative appears in the role of a private litigant defending his own acts or right to retain his appointment. *Ogden v. Shropshire & Adkins*, 37 S.W.2d 249 (Tex. Civ.App.-Austin 1931, writ ref'd). The court adopted the rule that the right to an allowance of fees depends on whether the plaintiffs had just ground to proceed against the representative. Applying this rule to the present case, since the plaintiff prevailed in removing Hitt for cause, she did have a just ground to proceed against him.

The *Ogden* case dealt with the removal of an independent executor before the codification of Tex.Prob.Code Ann. § 149C(c). That article provides that an independent executor who defends a removal action in good faith, whether successful or not, shall be reimbursed for attorney's fees incurred in the proceedings. This is an obvious change from prior law in *Ogden*, and more clearly demonstrates that the rule regarding court appointed administrators remains unchanged because the legislature specifically addressed only independent executors. Had it meant all personal representatives, the statute would by its terms include them; it does not.

Further authority is found in the cases construing Tex.Prob.Code Ann. § 29 (Vernon 1956), the section dealing with appeal bonds required of personal representatives. If the subject matter of the appeal concerns the representative personally, he must post bond. The court in *Powell's Estate v. Mackey*, 219 S.W.2d 156 (Tex.Civ.App.-Fort Worth 1949, writ ref'd), held that an action for removal of an administrator is a matter which personally concerns him; it is a personal action and he is required to post a bond. *Stephenson v. Manire*, 93 S.W.2d 559 (Tex.Civ.App.-Austin 1936, writ ref'd) held that the right to administer an estate is one of personal interest to the administrator. The recent case of *Luce v. Luce*, 559 S.W.2d 369 (Tex.Civ.App.-Austin 1977, no writ), reaffirmed this position, holding that an administrator's defense of a removal action is personal to him, and is not within his fiduciary duties.

Tex.Prob.Code Ann. § 245 (Vernon Supp. 1980) provides that if a personal representative is removed for cause, he shall be liable for costs of removal and other additional costs incurred that are not authorized expenditures under the code. The apparent applicability of this section to the present case has been put in question by the case of *Trinity Universal Ins. Co. v. Drake*, 587 S.W.2d 458 (Tex.Civ.App.-Dallas 1979, writ granted). The Dallas court held that "costs" in section 245 does not include attorney's fees. While the fate of that ruling is uncertain at this writing, we do not consider section 245 dispositive of, or essential to, this question. The cases discussed above give ample authority on which to base our holding. Another court recently construing Section 245 has stated that, in its view, the purpose of that section is to insure that the estate will not be charged with fees incurred through fault of the personal repre-

sentative; the fees and expenses incurred in obtaining the removal of the representative should be borne by the personal representative and his surety. *Fillion v. Osborne*, 585 S.W.2d 842 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ).

Thus, for these reasons, we hold that the trial court erred in awarding reimbursement from estate assets to the former administrator for attorney's fees incurred in defending the action for his removal. We reverse the judgment of the trial court and render judgment that Hitt be allowed no reimbursement for such fees.

Reversed and rendered.