**Paul E. GORDON, Appellant,**

v.

**Vyvyion TERRENCE, Successor Guardian, Appellee.**

No. C2858.

Court of Appeals of Texas, Houston (14th Dist.).

April 22, 1982.

Herbert Finkelstein, Houston, for appellant.

Steven C. Simmons, Law Offices of Steven C. Simmons, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a judgment that appellee, Vyvyion Terence (sic), as successor guardian of the estate of Donna D. Liebendorfer, N.C.M. recover $4,624.40 from appellant Paul E. Gordon, with interest at 9 percent from date of judgment and all costs of contest of final account of appellant. We reverse and render.

Appellant Paul E. Gordon was appointed September 24, 1974, as guardian of the person and estate of Donna D. Liebendorfer, non compos mentis, who was the widow of his uncle. After the death of her husband on May 23, 1972, she had lived alone in their home east of downtown Houston for a year and a half or two years. Then, in the latter part of 1973, in order to preserve her estate, appellant began to manage her finances as a required cosigner of her checks. Because she was unable to take care of herself, he took her to his house to live. For approximately three years, during which appellee visited her mother on "several occasions," Mrs. Liebendorfer stayed (without compensation to him) in appellant's rent house behind his home five miles from her old home. Then it became necessary to put her in a nursing home. The vacant home and its contents of furnishings and her personal effects constituted the principle portion of her estate for which appellant became responsible as guardian. He reported to the police numerous items taken when the vacant residence was burglarized three times between December 13, 1974 and April 25, 1980.

After learning about the guardianship about one year after appellant's appointment, appellee protested to the Probate Court assistant, but didn't hire an attorney for four years. Then, on October 16, 1979, appellee Vyvyion Terence filed an application with Probate Court No. 2 of Harris County, Texas, seeking to remove appellant from such guardianship and to be appointed successor guardian on two grounds. The application alleged (1) that appellee was the daughter and next of kin of Donna D. Liebendorfer with priority of right to serve as her guardian, and (2) that appellant should be removed from said guardianship for mismanagement of the estate and conversion of certain of its assets. The application prayed that the court disallow compensation to appellant as guardian, require an accounting by him and charge him with the costs and expenses of the proceeding. After a hearing on July 14, 1980, the court signed an order dated July 25, 1980, removing appellant and appointing appellee as successor guardian "on the ground that she is the natural child of the ward and as such has priority in such appointment." The court also ordered appellant to surrender his letters of guardianship and file a final accounting, and expressly waived any appraisement "until further order of this court."

The appellate record before us does not include the 1974–1978 annual accounting and inventory or the final accounting which was required by August 25, 1980. It does, however, contain an order of April 10, 1981, reciting that on November 11, 1980, appellee's application to surcharge appellant as guardian of the estate was heard and it was adjudged that appellee, as successor guardian of the estate, recover from appellant $4,624.40 with interest at the rate of 9 percent per annum from that date of judgment along with all the costs of the contest of the final account of the appellant as guardian. Appellant's motion for a new trial was overruled, and pursuant to his request for findings of fact and conclusions of law by the judge who tried the objection to the final account, these were filed:

*Findings*

(1) That property belonging to the Estate and valued at the total sum of $1,000.00 was removed from the premises known as 4406 Walker, Houston, Texas and used for purposes other than for the benefit of the Estate.

(2) It was necessary to secure the services of ____ a licensed attorney, to protect and preserve the assets belonging to the Estate and a reasonable fee for such services is $3,624.40.

*Conclusions*

That Paul E. Gordon is liable to the Estate for the sum of $4,624.40 with interest thereon at the rate of nine percent (9%) per annum from date of Judgment and all costs incurred in connection with the contest to the final accounting.

Appellant's request for preparation of the transcript does not include any statement of facts except as to the hearing on final accounting on November 11 and 12, 1980. The only exhibits introduced at said hearing were a five page list of the 1973 contents of the ward's house (Petitioner's Exhibit No. 1) and a December 13, 1974 police report, supplemented April 25, 1980, (Defendant's Exhibit No. 2) listing stolen property as reported by appellant. The appellee failed to introduce into evidence the final account of appellant which is contested.

Appellant asserts five points of error which he calls "propositions" in his brief: (1) that the order of removal of appellant as guardian is "res judicata" (as to a statement of cause for removal pursuant to § 222(c) of the Probate Code, and its omission of determination of misconduct by appellant), (2) that the removal on the basis of priority did not justify the award of attorney's fees, (3) that the contest of the guardian's final account did not provide a basis for the award of attorney fees, (4) that no evidence supported the first finding of fact, and (5) that the second finding was not supported by any evidence.

■ Appellant's first "proposition," that the order relieving him as a guardian and replacing him with one who has a prior right is "res judicata," is overruled. There was no appeal as to the removal order signed July 25, 1980. However, that adjudication is not controlling as is the determination on later objection to his final account, of the possible liability of the appellant for any mismanagement or misapplication of funds. Whether or not such alleged conduct led to removal of the personal representative, the earlier order of removal was interlocutory and not appealable under *Dumitrov v. Hitt*, 601 S.W.2d 472 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n. r. e.), and *Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994 (1944). Therefore, it could not be final so as to constitute res judicata. However, in view of our holding with regard to the other points of error this is immaterial.

There has been no point of error expressly directed to the entry of the order of April 10, 1981. However, appellant's second and third "propositions" challenge the allowance therein of attorney's fees for having obtained the earlier removal order and/or for contesting the final accounting, and appellant's fourth and fifth points attack the findings of fact which were the only apparent basis of the order.

■ Appellant's fourth "proposition," that no evidence supports the first finding of fact, is sustained by reason of the absence of any evidence to show that appellant failed to properly account for properties. There is no indication as to whether previous matters of record before this probate court below, which are not included in the transcript and statement of facts brought before us, did or did not justify the adjudication of a recovery from appellant by the estate pursuant to appellee's effort to "surcharge" him as guardian. However, the April 10, 1981, order recites that pleadings were read, evidence and argument were heard on November 11, 1980, and "upon the basis thereof" the recovery against appellant was decreed. A complete review of the testimony of the witnesses on November 11–12, 1980, fails to show a basis for attributing any wrong doing by appellant with regard to the first finding of fact.

No removal of property for purposes other than the benefit of the estate was shown to have been made or permitted by him, nor was any negligence by him found. No objection to the lack of further findings or request for additional findings by the appellant was shown in the record. As a result, had there been any supporting evidence in the record, a finding of negligence might be deemed in support of the judgment and conclusion that appellant is liable for such removal and misuse of properties of the ward and for the necessary attorney's fees for his resulting removal from guardianship. However, under the reasoning in *Lawyers Surety Corp. v. Snell*, 617 S.W.2d 750 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ), as to Tex.Prob.Code Ann. § 230(a) (Vernon 1980), there was no evidence to sustain any deemed finding of negligence by the former guardian in caring for the properties of the estate as required by § 230(b) or the other applicable provisions.

█ Appellee contends that appellant failed to account for the loss of two stained glass windows in the house of the ward and that this was the basis of the finding that $1,000 in valuable property was removed from the premises and used for purposes other than benefit of the estate. Such windows would have constituted fixtures and therefore, realty, which the record indicates was vandalized. Nothing was shown as to anything which could have been done by appellant which would have prevented such occurrence. The undisputed testimony of appellant was that he couldn't get insurance on the vacant house. There was no showing of any suggested action or inaction by appellant which caused the loss or proximately resulted in damage to the estate. There was no showing that appellant failed to "take care of the property of the estate ... as a prudent man would take of his own property" and if the property was a building, to "keep the same in good repair, extraordinary casualties excepted ...." *See* Tex.Prob.Code Ann. § 230 (Vernon 1980). Section 231 requires a guardian not to lessen or impair the estate and § 232 requires the representative to take posses-

sion of personal property and records. Tex. Prob.Code Ann. § 233 (Vernon 1980) requires the use of ordinary diligence to recover possession of all property of the estate and provides that the personal representative shall be liable "if he wilfully neglects to use such diligence." None of the pertinent provisions of the Probate Code require a personal representative to be an insurer and therefore in *Lawyers Surety Corp., v. Snell, supra*, it was held that an administrator "was charged with the duty of reasonable care to preserve the assets of the estate" and it was stated that the "standard used in reviewing an administrator's conduct regarding the procuring of insurance is one of negligence. The administrator is not an insurer and is obliged to use only reasonable care in preventing the loss or deterioration of the property." The elements of "actionable negligence" were there held to include "damage proximately resulting from" breach of such limited legal duty. The case of *Gulf Insurance Co. v. Blair*, 589 S.W.2d 786 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.), is relied on by appellee as similar to the present case. The holding in said case that there was sufficient evidence to support a finding that the accounts receivable of an estate business had not been properly accounted for by a temporary administrator, is inapplicable to the question of discharge of obligations to preserve realty as opposed to accounting for money shown to have been received. Accordingly, on the basis of appellant's fourth "proposition" we hold that the trial court erred in entering judgment for appellee against appellant for damages pursuant to the quoted "conclusions," including $1,000 apparently based upon the first finding of fact.

█ Under appellant's second and third "propositions," challenging the allowance of attorney's fees for having obtained the earlier removal order and the entitlement to attorney's fees in contesting the final accounting, the question is whether attorney's fees *could* be awarded against appellant and to appellee for establishing the former guardian's responsibility as a basis

for surcharging him for losses allowed to occur. If appellant can be held liable to the estate for the loss and costs (including attorney's fees incurred in the removal and contest of accounting) and the estate could be liable to the successor guardian for her costs (including such attorney's fees) there is no reason not to hold appellant directly liable to appellee. However, although a number of cases have approved the award of attorney's fees against an estate for the benefit of which action was taken to recover judgment against or remove a prior representative—*Legler v. Legler*, 189 S.W.2d 505 (Tex.Civ.App.—Austin, 1945, writ ref'd w. o. m.), *Rowe v. Dyess*, 213 S.W. 234 (Tex.Comm'n App.1919, holding approved), no case has been found in which an award of attorney's fees *against* a former representative of an estate was allowed and approved.

In *Trinity Universal Insurance Co. v. Drake*, 587 S.W.2d 458 (Tex.Civ.App.—Dallas) *aff'd in part and rev'd in part on other grounds*, 600 S.W.2d 768 (Tex.1980), it was held that Tex.Prob.Code Ann. § 245 (Vernon 1980) does not authorize the assessment of attorney's fees against a former estate representative and his bond surety, because that section only provides for the recovery of "costs." The court stated:

> ... Texas Probate Code Ann. § 12(a) (Vernon 1956) states that '[t]he provisions of law regulating costs in ordinary civil cases shall apply to all matters in probate when not expressly provided for in this Code.' The term 'costs' in civil proceedings does not include attorney's fees, unless otherwise provided for by contract or statute. *Johnson v. Universal Life & Accident Insurance Co.*, 127 Tex. 435, 94 S.W.2d 1145, 1146 (1936). Consequently, attorney's fees are not costs recoverable under § 245. Had the legislature intended that attorney's fees be recoverable as costs under § 245, it would have expressly so provided. In this respect, we note that Tex.Probate Code Ann. § 242 (Vernon 1956) expressly provides for attorney's fees under expenses allowed a personal representative. Because there is no

mention of attorney's fees in § 245, we hold that they are not recoverable as costs under § 245.

This court has held in *Dumitrov v. Hitt*, 601 S.W.2d 472, 474 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n. r. e.) that:

> Tex.Prob.Code Ann. § 245 (Vernon Supp.1980) provides that if a personal representative is removed for cause, he shall be liable for costs of removal and other additional costs incurred that are not authorized expenditures under the code. The apparent applicability of this section to the present case has been put in question by the case of *Trinity Universal Ins. Co. v. Drake*, 587 S.W.2d 458 (Tex.Civ.App.—Dallas 1979, writ granted). The Dallas court held that 'costs' in § 245 does not include attorney's fees. While the fate of that ruling is uncertain at this writing, we do not consider § 245 dispositive of, or essential to, this question. The cases discussed above give ample authority on which to base our holding. Another court recently construing § 245 has stated that, in its view, the purpose of that section is to insure that the estate will not be charged with fees incurred through fault of the personal representative; the fees and expenses incurred in obtaining the removal of the representative should be borne by the personal representative and his surety. *Fillion v. Osborne*, 585 S.W.2d 842 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ).

Thus, for these reasons, we hold that the trial court erred in awarding reimbursement from estate assets to the former administrator for attorney's fees incurred in defending the action for his removal. We reverse the judgment of the trial court and render judgment that Hitt be allowed no reimbursement for such fees.

In *Fillion v. Osborne*, 585 S.W.2d 842 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), the trial court awarded attorney's fees of $3,000 in connection with a suit by a creditor of a decedent's estate against the

former administrator and the surety on his bond; the judgment of the trial court was reversed and the cause was remanded. No other case has been found in which attorney's fees were awarded against a former representative of the estate.

The Texas Supreme Court reversed the judgment of the Court of Civil Appeals in *Trinity Universal Insurance Co. v. Drake, supra,* only insofar as it failed to hold the attorney who was paid from estate funds liable to reimburse the estate. The Court of Civil Appeals had reversed and rendered the trial court's adjudication of attorney's fees against the former administrator, stating that "[t]he probate judge also held that Holt and Trinity Universal were jointly, and severally liable under Tex.Probate Code Ann. § 245 (Vernon Supp.1978–1979) for appellee's attorney's fees in prosecuting this action to recover these funds." The Supreme Court left undisturbed that part of the judgment of the Court of Civil Appeals which limited the recovery of the executor for the estate to the sum paid out to his lawyer by the former administrator, plus interest—excluding any recovery of attorney's fees for bringing the action. Accordingly, we hold that attorney's fees could not be awarded against Appellant Gordon.

The determination of appellant's fifth "proposition" regarding the sufficiency of evidence to support the second finding of fact as to the necessity and reasonableness of appellee's attorney's fees is immaterial in view of our holding on appellant's second, third and fourth "propositions." The possible award of such fees as against the estate is of no concern to the disposition of this appeal. Appellant's second, third and fourth points of error are sustained, and the judgment of the trial court is reversed and rendered that Petitioner-appellee Terence take nothing as against Respondent-appellant Gordon.