**Larry MOORE, An Incompetent Person, By His Next Friend, Annie B. MOORE, Appellant,**

v.

**FIRST CITY BANK OF DALLAS, Appellee.**

**No. 2–85–162–CV.**

Court of Appeals of Texas, Fort Worth.

April 24, 1986.

Don E. Peavy, Sr., Fort Worth, for appellant.

Johnston & Budner, and Bruce A. Budner, Dallas, for appellee.

Before JORDAN, BURDOCK and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

JORDAN, Justice.

This appeal involves the denial of a petition to remove First City Bank of Dallas (hereinafter "Bank"), as guardian of the estate of Larry Moore, an incompetent person. Annie B. Moore, mother of Larry, after having the Bank appointed as guardian, sought its removal in the Probate Court of Tarrant County on several grounds which the court found insufficient. The court refused to remove appellee as guardian and awarded the Bank $2,745.00 attorneys' fees for resisting the suit for removal.

Appellant complains, not of the refusal of the court to remove the Bank as guardian, but of the awarding of attorneys' fees. He also contends that if appellee Bank was entitled to attorneys' fees, they are excessive.

We affirm.

TEX.PROB.CODE ANN. sec. 242 (Vernon 1980) is the authority under which attorneys' fees were awarded in this case. It provides:

Personal representatives of estates shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation, safe-keeping, and management of the estate, and in collecting or attempting to collect claims or debts, and in recovering or attempting to recover property to which the estate has a title or claim, and all reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate, on satisfactory proof to the court.

Appellant argues that this section does not authorize payment of attorneys' fees to the guardian where the suit is for the removal of the guardian for misfeasance or mismanagement because the guardian has acted in its own self-interest and not in the interest of the ward. The theory seems to be that this suit involves neither the preservation, safe-keeping nor the management of the ward's estate.

We disagree with appellant's contentions and hold that sec. 242 of TEX.PROB.CODE ANN. (Vernon 1980) does authorize attorneys' fees for the guardian in this case.

An opposite holding would indeed have a chilling effect on institutions and others' willingness to serve as guardian of estates or in other fiduciary capacities. *Cf. Caldwell v. Young & Morgan*, 21 Tex. 800, 801–02 (1858); *In re Guardianship of Estate of Neal*, 406 S.W.2d 496, 503 (Tex.Civ. App.—Houston [14th Dist.], *writ ref'd n.r.e. per curiam*, 407 S.W.2d 770 (Tex. 1966).

In the instant case, the appellant failed even to make a prima facie case of the grounds necessary for the removal of the Bank as Moore's guardian. In fact, the testimony of the Bank's representatives and the other witnesses demonstrated that the Bank had discharged its obligations as the guardian of Moore's estate in a highly professional manner, well-calculated to serve Moore's interests. The principles enunciated in Texas cases make it clear that a guardian that is subject to a baseless and ill-founded removal action brought on behalf of the ward, should not be required to bear its own expenses in defending such a vexatious action. *Cf. Dumitrov v. Hitt*, 601 S.W.2d 472, 474 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.; *Ogden v. Shropshire & Adkins*, 37 S.W.2d 249, 253 (Tex.Civ.App.—Austin 1931, writ ref'd). Accordingly, we overrule appellant's first point of error.

■ With regard to appellant's second point of error claiming that the attorneys' fees awarded were excessive, we simply point out that two attorneys testified to the amount of work and time spent by them on this case and gave their expert opinion as to what a reasonable fee for their efforts would be. Appellant even stipulated that a $120.00 per hour fee was reasonable. The trial court, after listening to all the evidence, found that the time expended by the attorneys was reasonable and that $2,745.00 was a reasonable fee for their efforts. We certainly cannot say this was an abuse of the court's discretion. Appellant's second point of error is overruled.

The judgment is affirmed.